## EX PARTE JAMES Q. MARTIN.

No. 25268. March 21, 1951.

Relator represented himself.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Relator is a convict serving the following described sentences in the state penitentiary. He seeks his release on the ground that he has served the full time required of him under the law.

Relator was convicted in Cause No. 6159 in the 35th Judicial District Court, Brown County, on November 4th, 1940, and sentenced to a term of five years. The sentence following the judgment makes no reference to any other sentence.

He was convicted in Cause No. 6160, 35th Judicial District, Brown County, on the 4th of November, 1940, of the offense of robbery and sentenced to a period of ten years. The sentence following this judgment makes no mention of any other conviction.

He was convicted in Cause No. 53712, Criminal District Court No. 2, Harris County, on October 28th, 1943, for the offense of robbery and was assessed a penalty of five years in the penitentiary. The sentence attempts to cumulate this with the Brown County sentences in the following language: "However, James Q. Martin is sentenced cumulative with sentence assessed in the District Court of Brown County, Texas."

He was convicted in the Criminal District Court No. 2, Harris County, on October 28, 1943, in Cause No. 53714, of the offense of robbery by assault and assessed a penalty of five years in the penitentiary. The sentence following this judgment contains the following order: "Sentenced cumulative with #53712."

He was convicted in the District Court No. 2, Harris County, Texas, on October 28, 1943, in Cause No. 53716 for the offense of robbery by assault and given a sentence of five years. The sentence on this judgment makes no reference to any other sentence.

The foregoing quoted cumulative order in Cause No. 53712, Criminal District Court No. 2, Harris County, is indefinite and uncertain in its description of the sentence to which the court attempts to make it cumulative. The question has been so frequently before this court that it is not necessary to refer to the authorities.

The order making the sentence in Cause No. 53714, Criminal District Court No. 2, Harris County, cumulative with that in

Cause No. 53712 has been held to be valid. The result is that relator has a ten year sentence from the Criminal District Court No. 2 of Harris County, Texas, as the result of the three judgments dated October 28, 1943. These run with the Brown County sentences described.

The prison record presented to this court, which has been checked by an assistant attorney general, representing the penitentiary officials, shows that on October 25, 1950, relator had total time to his credit of fifteen years, seven months and three days. It, therefore, appears that he should be released from further confinement.

It is accordingly ordered, adjudged and decreed that relator be released from further service so far as he is being held by reason of the foregoing enumerated judgments.